IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 28, 2015

**STATE OF TENNESSEE v. CODY LEE CRAWFORD**

**Appeal from the Circuit Court for Anderson County**
**No. B2C00521     Donald Ray Elledge, Judge**

_____

**No. E2014-01868-CCA-R3-CD – Filed June 10, 2015**

_____

Defendant, Cody Lee Crawford, challenges the trial court's decision ordering him to register as a sex offender after he pled guilty to two counts of statutory rape. He argues that the trial court abused its discretion. The trial court did not abuse its discretion and Defendant is not entitled to relief. Accordingly, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

H. Daniel Forrester III, Clinton, Tennessee, for the appellant, Cody Lee Crawford.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Dave Clark, District Attorney General; and Sandra Donaghy, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

This is Defendant's appeal from the Anderson County Circuit Court's order requiring Defendant to register as a sex offender as a condition of his suspended sentence.

In December of 2013, Defendant entered guilty pleas to two counts of statutory rape, Class E felonies, in exchange for a two-year sentence on each count as a Range I, standard offender. The sentences were ordered to be served concurrently. As part of the negotiated plea agreement, Defendant was to serve ten days in incarceration with credit for time served. Additionally, the plea agreement ordered Defendant to "comply with the terms and conditions applicable to sex offenders[,] including supervision under the sex offender directives;" to complete both a psychosexual evaluation and a drug and alcohol assessment and to follow the recommendations as conditions of supervision; to pay a fine of $100 and court costs; and to refrain from having contact with the victim. Lastly, the plea agreement specified that a partial sentencing hearing would be held to determine "whether the defendant should receive judicial diversion and whether he should be placed on the Sex Offender Registry."

At the hearing on the plea agreement, counsel for the State recited the factual basis for the indictments. The victim, a sixteen-year-old girl[1], snuck out of her parents' home on the night of June 30, 2012. Upon her return, Defendant dropped her off near her house. The victim's father followed Defendant to his home, where he confronted Defendant. Defendant admitted to both law enforcement personnel and the victim's father that he had sexual relations with the victim twice. Defendant insisted that the victim claimed to be seventeen years old. Law enforcement personnel searched Defendant's home and seized the top part of his mattress to examine for DNA evidence. Defendant's cell phone contained a text message boasting about having sex with a sixteen-year-old.

Prior to the sentencing hearing, a presentence report was prepared by Tiffany Rodd, a probation officer with the Tennessee Department of Correction. The parties stipulated to the report and the attached psychosexual evaluation, performed by William Tillery of the Sex-Offender Treatment Outpatient Program. The report reflected that Defendant was twenty-three years of age with no prior convictions. Defendant had two pending charges in Anderson County for reckless driving and violation of the financial responsibility law. He admitted to marijuana use, starting in middle school. Defendant also reported his association with the Andersonville Mafia, a local gang recognized by law enforcement officers. At the time of the incident, Defendant was employed as a laborer.

At the hearing, the trial court heard testimony from the father of the victim. He described the victim as sixteen years of age and living at home at the time of the incidents; she did not have permission to be in contact with Defendant or to leave the house. On the night of the incident, her parents noticed that she was gone when her dog

---

[1] It is the policy of this Court to protect the identity of juvenile victims of sexual offenses.

started "whining and crying." They notified law enforcement personnel, family, and friends that she was missing.

The victim's father eventually saw Defendant drop the victim off about two hundred yards away from her house. The victim's father got in his truck and chased Defendant to his residence, where he confronted Defendant about his actions.

The victim's father explained that the events that occurred between Defendant and the victim changed their family, "tore" it apart, and "ruined his relationship with his daughter." In fact, the victim's father explained that the victim moved to Arizona to work on a ranch after the incident occurred.

Detective Darrell Slater of the Anderson County Sheriff's Office testified that he responded to the call from the victim's father. When he arrived at Defendant's home, he saw a banner on the wall containing a roster of the Andersonville Mafia. As part of the investigation, Detective Slater obtained Defendant's Facebook conversations, which contained sexual innuendos and planning of sexual encounters. Additionally, Defendant had approximately forty Facebook friends who were high-school-aged girls. Detective Slater was of the opinion that Defendant's actions were calculated and, as a result, he was not a good candidate for diversion.

Mr. Tillery, a licensed clinical social worker, also testified. He performed the psychosexual evaluation of Defendant. According to Mr. Tillery, the evaluation did not suggest that Defendant was a highly sexual person. Further, Mr. Tillery surmised that Defendant was amenable to supervision.

Defendant testified at the hearing. He took responsibility for his actions and apologized for his behavior. He pointed out that he cooperated with law enforcement and asserted that he would be able to make it through two years of probation. However, he denied currently being in a gang,[2] knowing the victim's age, or sending a text message in which he bragged about having sex with a sixteen-year-old. He explained that his numerous high-school-aged female Facebook friends were the result of his indiscriminately accepting every friend request. He also initially denied being on Facebook after the police seized his phone, but later admitted that he accessed Facebook through another person's account in order to defend himself against negative comments. Defendant also admitted to marijuana use and that he was guilty of having sexual intercourse with the victim.

---

[2] Defendant explained that he "wanted to be a part of [the gang] in high school because [he] didn't have many friends" but that he was no longer associated with the group.

The victim did not testify at the sentencing hearing. The presentence report contains the victim's statement in which the victim claimed that she was responsible because she lied about her age and "asked [Defendant] if he wanted to have sex with me." Further, she did not "think that [Defendant] should be charged with anything. . . . [H]e did not deserve[] to get into any trouble at all." The victim refused a rape kit.

At the conclusion of the hearing, the trial court made oral findings of fact and conclusions of law. The trial court recounted the procedural history of the case and noted that he was considering "whether the defendant should receive judicial diversion and whether he should be placed on [the] Sex Offender Registry."

The trial court determined that Defendant knew the victim was under the age of eighteen based on the fact that he concealed his activity from the victim's family. Additionally, the trial court found that Defendant had sexual intercourse with the victim on two separate occasions despite the fact that Defendant had given differing accounts of the number of times this occurred. The trial court found that Defendant was "not credible" for multiple reasons—the inconsistencies in his account of his relationship with the victim, his lack of memory with regard to how many times he was on Facebook after the incident, and his claim that he was no longer a gang member. The trial court found that Defendant continued to use marijuana and alcohol after he was charged with the crimes at issue herein, even smoking marijuana with his father at Christmas when the hearing on judicial diversion was pending. The trial court noted that there was "no one [present at the hearing] to testify on behalf of [Defendant] as to what a good young man he is, what a horrific mistake that he made . . . ." The trial court noted Defendant's erratic work history and the fact that he was not successful in keeping gainful employment.

The trial court did not give much weight to the victim's statements, in part because of her age. The trial court was also "bothered" by the fact that Defendant had over forty high-school-aged Facebook friends that were female. The trial court considered the deterrent value to the accused as well as others, noting Mr. Tillery's assessment that Defendant "tend[ed] to minimize the facts that he did pursue [the victim,] knowing in his mind she's no greater than seventeen years old or younger[,] and [that he] groom[ed] her over time." The trial court determined that there should be punishment as "a deterrence to people like that who set up and prey on these young girls." The trial court found that Defendant "had no great fear of violating the law," showing that he is "not amenable to correction."

The trial court denied diversion, finding that it would not "serve the interest of the public . . . under the facts and circumstances of this case. . . ." Additionally, the trial court commented:

This was obviously a young lady who was troubled, was troubled at the time he took advantage of her without hesitation[,] knowing she's underage. And I just cannot tolerate that[. A]nd then [he] comes up to the court and is caught in what this Court believes to be statements that simply are not true. It gives him no credibility with this Court.

Lastly, the trial court "waffled" over whether Defendant should be required to register as a sex offender but ultimately determined that Defendant should be required to be on the Sex Offender Registry. Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant does not challenge the trial court's denial of judicial diversion. Instead, Defendant argues that the trial court abused its discretion by requiring Defendant to register on the Tennessee Sex Offender Registry, specifically because the proof presented at the hearing was that he "presented little risk of reoffending and is not a sexual predator." The State disagrees.

Defendant's complaint about the requirement that he become a registered sex offender is essentially a challenge to his sentence. When a defendant challenges the length, range, or manner of service of a sentence, this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). This presumption applies to "within-range sentencing decisions that reflect a proper application of the purposes and principles of the Sentencing Act." *Bise*, 380 S.W.3d at 707.

As stated above, Defendant pled guilty to two counts of statutory rape, Class E felonies. T.C.A. § 39-13-506(2)(A). Tennessee Code Annotated section 39-13-506(2)(B) provides:

In addition to the punishment provided for a person who commits statutory rape for the first time, the trial judge *may* order, after taking into account the facts and circumstances surrounding the offense, including the offense for which the person was originally charged and whether the conviction was the result of a plea bargain agreement, that the person be required to register as a sexual offender pursuant to title 40, chapter 39, part 2.

(Emphasis added). Thus, the trial court had the discretionary authority to order Defendant to register as a sex offender.

In this case, the trial court thoroughly and completely recounted the factual basis for the guilty pleas, the testimony presented both at the hearing and in the presentence report and psychosexual evaluation, and made detailed findings of fact prior to ordering Defendant to register as a sex offender. The trial court took care to specifically note Defendant's lack of credibility in addition to his gang affiliation, admitted drug use, and bevy of juvenile female Facebook friends. The trial court also noted the fact that Defendant continued to pursue and engage in a sexual relationship with the victim despite the fact he knew she was, at most, seventeen. Given this proof, we find the trial court did not abuse its discretion. Defendant is not entitled to relief.

## *Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE